FILED
SUPERIOR COURT
OF GUAM

2021 JAN -6 AM 11: 32

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

WISE OWL ANIMAL HOSPITAL,

Plaintiff,

vs.

ALFREDO BUSTAMANTE,

Defendant.

Superior Court Case No. **CV0981-17**

**DECISION AND ORDER
RE MOTION TO FILE SECOND
AMENDED ANSWER AND
COUNTERCLAIM**

The Court here considers Defendant Alfredo Bustamante's Motion to File Second Amended Answer and Counterclaim. For the following reasons, the Court GRANTS the Motion.

Bustamante's motion seeks to add in the affirmative defense that Plaintiff Wise Owl Animal Hospital ("Wise Owl") was grossly negligent and the counterclaim of medical malpractice. For the latter, Bustamante claims that Wise Owl's negligent and/or gross negligent treatment of Bustamante's dog caused additional medical bills and future treatment. Bustamante also seeks exemplary damages. Bustamante included these counterclaims in his original Answer and Counterclaim, filed on September 26, 2017, but removed them in his First Amended Answer and Counterclaim, filed on April 13, 2018.

In opposition, Wise Owl contends that the proposed amendment would cause undue prejudice and that Bustamante filed the motion in bad faith. Wise Owl argues that the proposed amendment is unduly prejudicial because Wise Owl already filed its Motion for Summary Judgment, indicating that Bustamente is attempting to avoid summary judgment. Wise Owl also argues that granting the motion to amend would cause it to hire one or more expert witnesses.

ORIGINAL

Regarding its bad faith argument, Wise Owl claims that Bustamante is attempting to play fast and loose because he is trying to re-assert a counterclaim that he previously dropped to avoid arbitration of his counterclaims.

Guam Rule of Civil Procedure 15(a), which is identical to Federal Rule of Civil Procedure 15(a), provides that leave to amend "shall be freely given when justice so requires." Leave to amend under Rule 15 "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011); *see also Arashi & Co. v. Nakashima Enters., Inc*, 2005 Guam 21 ¶ 16 (discussing Rule 15(a)). "Outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

The Court first turns to Wise Owl's argument regarding the prejudice it would face from hiring an expert witness. In support of its claim, Wise Owl cites a case from California involving a request to reopen discovery to allow the movant to produce expert discovery. *Patwardhan v. U.S. ex rel. Dep't of Health & Human Servs.,* 2014 WL 1092898, at *6 (C.D. Cal. 2014). The court noted that this would require additional depositions and the identification of rebuttal experts, culminating in prejudice to the opposing party. *Id.* Here, however, there is no indication that discovery will have to reopen; instead, Bustamante seeks to add a counterclaim that the parties have already arbitrated.

The Court next turns to Wise Owl's claim of undue prejudice is related to its Motion for Summary Judgment. Wise Owl argues that the timing of Bustamante's motion--two and one-half months after Wise Owl filed its Motion for Summary Judgment--indicates that he is attempting



to avoid summary judgment. The Court notes that this case has been pending for four years and the negligence issues have been known to the parties since Wise Owl's original Answer and Counterclaim filed in 2017. Accordingly, the Court does not find that Wise Owl will suffer prejudice by permitting Bustamante to amend its answer and counterclaim. Additionally, the Court allows the parties to supplement their Trial Briefs and Witness Lists to address Bustamante's reasserted counterclaims and defenses, as Wise Owl requested during the January 6, 2021 Pretrial Conference. The supplemental filings shall be filed no later than January 22, 2021.

Lastly, the Court turns to Wise Owl's claim that Bustamente is acting in bad faith. The cases cited by Wise Owl involve parties taking contradictory and inconsistent positions during the trial. Def. Opp. at 7-8 (Nov. 13, 2020). However, the record here does not indicate that Bustamante intended to abandon the counterclaims he now seeks to add. The Court notes that the litigation of this case was subject to the Medical Malpractice Mandatory Arbitration Act ("MMMAA"), which required the parties to first complete arbitration before the case could be brought to trial. Part of the question in Bustamante's first motion to amend was whether all of the counterclaims were subject to the MMMAA or whether some of the counterclaims could have been brought straight to the Superior Court. Memo. P. & A. in Support of Mot. File First Am. Answer and Countercl. (Jan. 10, 2018). However, there was never a dispute that the counterclaim for medical malpractice was subject to the MMMAA and that the parties would have to complete arbitration before it could be heard in the Superior Court.

Since there has been no showing of undue prejudice or bad faith, the Court GRANTS Bustamante's Motion to File Second Amended Answer and Counterclaim. As this case is on the eve of trial, the Second Amended Answer and Counterclaim must be filed within three business


ORIGINAL

days of this Decision and Order to be considered timely.

SO ORDERED this 6th day of January 2021.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
M. THOMPSON

J. COOK

Date: _____ / Time: _____

_____
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Mitchell F. Thompson, Esq., Thompson Thompson & Alcantara, P.C., for Plaintiff Wise Owl
        Animal Hospital
Jeffrey A. Cook, Esq., Law Offices of Cunliffe & Cook, for Defendant Alfredo Bustamante

ORIGINAL